■ GERALDINE C. OCHOCINSKA, Respondent, v NATIONAL FIRE ADJUSTMENT CO., INC., Appellant, and COMMERCIAL UNION INSURANCE COMPANY, Respondent.—Judgment reversed on the law with costs, motion denied, cross motion granted and judgment granted, in accordance with the following Memorandum: The written agreement to employ a public adjuster to assist in the adjustment of a fire loss must include written notice of the insured's right to cancel the agreement until midnight of the third business day following the date of the agreement *(see,* Personal Property Law §§ 427, 428; 11 NYCRR 25.9). The subject agreement contained that notice, but set forth an incorrect date, December 31, 1989, as the date of cancellation. Although December 31 was three days after the date the agreement was signed, December 31 fell on a Sunday. Under that circumstance, the cancellation period was ex-

tended by operation of law to January 2, 1990 (see, General Construction Law § 25). Plaintiff did not attempt to cancel the agreement at that time. She instead accepted the services of defendant National Fire Adjustment Co. for several months and attempted to cancel the agreement only after National succeeded in adjusting her fire loss claim in an amount acceptable to her. When the insurer refused to pay the entire proceeds directly to her, plaintiff commenced this action for a judgment declaring that her cancellation of the agreement was valid. Following joinder of issue, plaintiff moved, and National cross-moved for summary judgment. Plaintiff contended that, because the agreement contained an incorrect date as the date of cancellation, she had the right to cancel at any time before the error was corrected.

Supreme Court erred by granting summary judgment in plaintiff's favor. There is no assertion that plaintiff was confused or misled by the insertion of an obviously incorrect date. Plaintiff does not urge that, had she known that she could have canceled on January 2, she would have canceled the agreement at that time. The record shows the contrary. While plaintiff frequently communicated with National regarding the progress of the negotiations, complaining about the speed at which National was proceeding, she never expressed any desire to cancel the agreement until National's services had been performed. Plaintiff was not prejudiced by National's inadvertent error in specifying the date of cancellation, and given her conduct in accepting the benefit of National's services, the error should be disregarded (see, Bank of Evening Shade v Lindsey, 278 Ark 132, 644 SW2d 920, reaching a similar conclusion regarding the notice of cancellation requirements of the Federal Truth In Lending Act [now fair Credit and Charge Card Disclosure Act of 1988; 15 USC § 1601 et seq.]).

Accordingly, we grant National's cross motion for summary judgment declaring that plaintiff's purported cancellation of the adjuster's agreement was of no effect and that National is entitled to compensation as fixed by the agreement.

All concur, except Pine, J., who dissents and votes to affirm in the following Memorandum.

Pine, J. (dissenting). I must dissent. This case is governed by straightforward regulations in New York State requiring a public adjuster to give the insured oral and written notice of the right to cancel a compensation agreement until midnight of the third business day after it was signed (11 NYCRR 25.8, 25.9 [b], [d], [e]). The regulations unequivocally provide that

the cancellation period does not begin to run until the public adjuster complies with this requirement (11 NYCRR 25.9 [e]). Because defendant's notice was erroneous, it failed to comply with those regulations, and plaintiff's cancellation period never began to run. Thus her cancellation notice was effective and enforceable. "The public adjuster shall not be entitled to any compensation for any services performed pursuant to a compensation agreement prior to its cancellation in accordance with section 25.8 of this Part" (11 NYCRR 25.10 [a]). The majority's holding contravenes the applicable regulations and is unsupportable. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Declaratory Judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.